Capitol State Bank of Oklahoma City v. Western Cas. & Guar. Ins. Co.

# CAPITOL STATE BANK OF OKLAHOMA CITY v. WESTERN CASUALTY & GUARANTY INS. CO.

No. 6115. Opinion Filed January 26, 1915.

Rehearing Denied June 8, 1915.

(149 Pac. 149.)

BANKS AND BANKING—New Corporation—What Constitutes. Answer examined, and held to state facts sufficient to constitute a defense to plaintiff's cause of action, and that it was reversible error to sustain a demurrer thereto.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;
Geo. W. Clark, Judge.*

Action by the Western Casualty and Guaranty Insurance Company, a corporation, against the Capitol State Bank of Oklahoma City, Okla., a corporation. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

*Wilson & Tomerlin* and *E. E. Buckholts,* for plaintiff in error.

*Ledbetter, Stuart & Bell,* for defendant in error.

KANE, C. J. This was an action, commenced by the defendant in error, the Western Casualty & Guaranty Insurance Company, plaintiff below, against the plaintiff in error, Capitol State Bank of Oklahoma City, defendant below, for the purpose of recovering $10,000 which the surety company was required to pay on account of being surety upon a certain indemnity bond, executed by the State Bank of Capitol Hill, for the purpose of protecting a deposit of $10,000 made by the Commissioners of the Land Office in said bank. The allegations of the petition are admitted to be true, the defendant relying for a defense on defensive matter set up in its answer. Upon a

demurrer to this defensive matter being sustained, counsel elected to stand upon their answer, and judgment was rendered in favor of the plaintiff, to reverse which this proceeding in error was commenced.

The facts upon which defendant relies for a defense may be stated briefly as follows: On or about the 25th day of April, 1913, the State Bank of Capitol Hill was taken in charge by the Bank Commissioner on account of its being in an insolvent condition. Prior to its insolvency it had received the deposit of $10,000 above mentioned and a deposit of $5,000 made by the treasurer of Oklahoma county, which were secured by indemnity bonds as required by law, and about $32,000 in general deposits, secured by the bank guaranty fund of the state. The Bank Commissioner, upon taking charge of the insolvent bank, proceeded to pay in full all the general depositors out of the bank guaranty fund, pursuant to section 303, Rev. Laws 1910, and to take charge of all the assets of the insolvent bank upon which the state, by virtue of the same section, had a first lien for the benefit of the depositors' guaranty fund. Thereafter the Bank Commissioner disposed of all the assets of the failed bank for the purpose of reimbursing the depleted bank guaranty fund, by transferring the same to Messrs. Bonner, Dennis, *et al.*, none of whom were connected with the failed bank, under an agreement whereby Bonner, Dennis and associates assumed the payment of the general deposit liabilities of the failed bank, and further agreed to pay up a new capital of $10,000 in a new banking institution, to which the Bank Commissioner of the state agreed to issue a certificate permitting it to do business in the state of Oklahoma as a state bank. Thereafter, in pursuance of this agreement with the Bank Commissioner, Messrs. Bonner, Dennis and associates organized the Capitol State Bank of Oklahoma City, the plaintiff in error herein, an entirely solvent concern, whereupon this action followed.

The question is: Whether the effect of the foregoing arrangement between the banking department and Bonner, Dennis and associates and the action taken thereunder was to revive and continue the old corporation, or to create a new one. The action was commenced on the former hypothesis, and the court below, taking this view of the matter, sustained a demurrer to the defendant's answer and rendered judgment in favor of the plaintiff.

We do not believe that the general rule invoked by the plaintiff, to wit, "A company taking advantage of a statute permitting a corporation organized under a former statute to reincorporate under a statute superseding it, does not thereby become a new corporation" (20 Cyc. 288), is applicable to the situation here presented.

As, in order to sustain plaintiff's theory, the plaintiff must concede that the action of the Bank Commissioner in winding up the affairs of the insolvent bank and disposing of its assets for the purpose of reimbursing the depositors' guaranty fund was valid, and that the agreement between the State Bank Commissioner and Bonner, Dennis and associates and the organization of the new bank under this agreement were regular and in accordance with law, the court will so assume. Viewing the case from this standpoint, we find the entire assets of the hopelessly insolvent State Bank of Capitol Hill legally transferred to Bonner, Dennis and associates by the State Bank Commissioner for a certain stipulated consideration in pursuance of a valid contract. The consideration named in the contract was barely sufficient to satisfy the claims of the general depositors, for whose benefit the depositors' guaranty fund was created. *Columbia Bank & Trust Co. v. United States Fidelity & Guaranty Co.*, 33 Okla. 535, 126 Pac. 556. This action, it would seem, would have the effect of destroying the insolvent bank as a going concern, and particularly as a debt-paying institution. The

state was bound to protect the general creditors out of the depositors' guaranty fund, and recoup the loss so far as possible by sale of the assets of the failed bank, upon which the statute gave it a preferred lien. If the sale of assets of the failed bank did not realize a sufficient sum to pay any of the creditors of the failed bank except the general depositors who were protected by the depositors' guaranty fund, it would follow that all other creditors would be compelled to suffer the loss of their claims. The liability of Bonner, Dennis and associates was fixed by the contract with the Bank Commissioner, and was limited to the payment of the preferred general depositors, the other creditors, including the plaintiff herein, being specifically excluded. Thus far there can be little doubt that Bonner, Dennis and associates, as individuals, had in no way become liable for the payment of the claim of the Western Casualty & Guaranty Company. It seems to us just as clear that the banking concern organized in further pursuance of the agreement between the Bank Commissioner and Bonner, Dennis and associates is equally as free from any of the class of unpaid liabilities of the failed bank to which the claim of the plaintiff belongs. The new institution, the Capitol State Bank, was organized legally, we assume, by Bonner, Dennis and associates, paying up a new capital stock of $10,000 in the new bank, whereupon the Bank Commissioner, pursuant to the agreement heretofore mentioned, issued a certificate permitting it to do a banking business under the laws of the state. From the facts before us, we can come to no other conclusion than that the new bank was an entirely different institution from the old, and that the change that took place pursuant to the agreement with the Bank Commissioner entirely changed the legal entity of the new corporation. The old corporation, as we have seen, was insolvent beyond recovery. All its assets had been sold by the state, who had a preferred lien on them, for a sum

barely sufficient to pay the class of creditors, to wit, the general depositors, for whose benefit the lien was created.

It cannot be said that by virtue of the contract between the Bank Commissioner and Bonner, Dennis and associates and their action thereunder a solvent institution arose, phoenix-like, from the ashes of the old defunct corporation, which became liable not only for the amounts due the general depositors whom it agreed to pay, but also for the debts due to another class of creditors who were not entitled to participate in the proceeds derived from the sale of the assets, and who were excluded from payment by the purchasers of the assets by the express terms of the contract. In our judgment, the liability of Bonner, Dennis and associates and of the new banking institution launched by them by permission of the State Bank Commissioner is limited by their agreement with the Bank Commissioner, and this agreement does not contemplate the payment by them, or the institution formed by them, of any of the debts of the old bank, except those mentioned in the contract, to wit, the claims of the general depositors.

For the reasons stated, the judgment of the court below is reversed, with directions to overrule the demurrer to the defendant's answer.

All the Justices concur.