## WESTERN CASUALTY & GUARANTY INS. CO. v. CAPITOL STATE BANK OF OKLAHOMA CITY.

No. 8868—Opinion Filed March 5, 1918.

Rehearing Denied May 21, 1918.

(172 Pac. 954.)

(Syllabus.)

**1. Appeal and Error—Decision of Supreme Court—Law of the Case.**

A question decided by the Supreme Court on a former appeal becomes the law of the case in all its stages, and will not ordinarily be reversed on a second appeal of the same case when the facts are substantially the same.

**2. Banks and Banking—Insolvency—Reorganization—Statute.**

An insolvent bank may be reorganized under authority of section 306, Rev. Laws 1910, by the stockholders complying with the requirements of said section, which are set out in the body of this opinon, and not otherwise.

**3. Same—Amended Articles of Incorporation—Statute.**

Amended articles of incorporation may be executed and filed by all the directors and officers of a corporation under the authority contained in section 1225, Rev. Laws 1910, and an amended charter issued, which when issued relate back and form a part of the original articles of incorporation to the same effect as if originally contained therein.

**4. Same—Amended Articles of Incorporation—Insolvency—Statute.**

Where a state bank became hopelessly insolvent and was taken in charge by the bank commissioner, who sold a part of its assets to B. and associates, who executed articles of incorporation and filed same, upon which a charter was issued authorizing them to do a banlng business under the corporate name of Capitol State Bank of Oklahoma City, and where B. and his associates were in no wise connected with the insolvent institution at any time, held, this did not constitute a reorganization of the failed bank, nor an amendment to its articles of incorporation.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the Western Casualty & Guaranty Insurance Company against the Capitol State Bank of Oklahoma City. Judgment for defendant on a directed verdict, and plaintiff brings error. Affirmed.

Ledbetter, Stuart & Bell, for plaintiff in error.

Wilson, Tomerlin & Buckholts, for defendant in error.

HARDY, J. This action was commenced by Western Casualty & Guaranty Company, a corporation, against the Capitol State Bank of Oklahoma City, a corporation, to recover $10,000, with interest thereon, and an attorney's fee of $1,000, on account of plaintiff being required to pay $10,000 because of its being surety upon an indemnity bond, executed by defendant under its alleged former name of State Bank of Capitol Hill, which had been given to protect a deposit of $10,000 made by the commissioners of the land office in said bank. Upon answer being filed plaintiff demurred thereto, which demurrer was by the court sustained, and, defendant electing to stand upon its answer, judgment was rendered in favor of plaintiff and an appeal prosecuted to this court where the judgment was reversed. Capitol State Bank of Oklahoma City v. Western Casualty & Guaranty Co., 47 Okla. 549, 149 Pac. 149. The facts alleged in said answer are fully set out in the former opinion, and reference is made thereto for a statement therof. Upon remand of the case reply was filed and the issues were tried to a jury, at the conclusion of which the court instructed a verdict for defendant and plaintiff prosecutes this appeal.

Many questions are urged, but they all resolve themselves into this one proposition, whether the court did right in instructing a verdict for defendant. A determination of this question requires an examination of the evidence.

In 1913 the State Bank of Capitol Hill was engaged in a general banking business at Capitol Hill, which at the time was an independent town, but was later incorporated into and became a part of Oklahoma City. About the first of 1913, said State Bank of Capitol Hill being in a failing condition, the bank commissioner took possession thereof and exercised a qualified control over it until the 25th of April, 1913, when its doors were closed and it ceased to do a banking business. Prior to this a deposit of $10,000 had been made in said institution by the commissioners of the land office, and for the purpose of protecting said deposit the Western Casualty & Guaranty Insurance Company had executed a bond of indemnity. Upon the bank being closed the plaintiff paid the amount of said deposit with interest thereon. On April 26, 1913, the bank commissioner entered into an arrange-

ment with Bonner, Dennis, and Clark by which he sold to Bonner and his associates certain of the assets of the State Bank of Capitol Hill, for which he received full value in cash. Certain other assets of the bank amounting approximately to $54,000 were retained by the bank commissioner for the purpose of reimbursing the guaranty fund, which was called upon to pay out approximately the sum of $32,000. Bank guaranty warrants were issued for this amount which were paid by Bonner and his associates, who also paid to the bank commissioner a premium of about $2,200 on the transaction, and an agreement was entered into whereby Bonner, Dennis, and Clark should organize a new banking institution and pay up a capital of $10,000. Thereupon Bonner, Dennis, and Clark executed and later filed in the office of the secretary of state what was denominated "amended articles of incorporation" of the Capitol State Bank of Oklahoma City, which articles were complete and full in every particular, but in the first paragraph thereof it was stated that instead of the name "State Bank of Capitol Hill this bank shall be known as Capitol State Bank of Oklahoma City." Said articles were approved by the bank commissioner and a charter issued to the Capitol State Bank of Oklahoma City, whereupon Bonner, Dennis, and Clark paid up a capital of $10,000 in cash, held a stockholders' meeting, elected directors and officers, none of whom were interested in or connected with the State Bank of Capitol Hill, appointed reserve agents, issued certificates of stock to the stockholders, and proceeded to carry on a banking business in all respects as required by law. It was expressly understood and agreed between the bank commissioner and Bonner, Dennis, and Clark that said Bonner and his associates did not assume the obligation to pay the deposit made by the commissioners of the land office and secured by the bond of plaintiff; it being expressly understood that same was excluded from the terms of their agreement. The question, as we view it, is, Did the transaction between the bank commissioner, Bonner, Dennis, and Clark and the subsequent conduct of Bonner and his associates amount to a reorganization of the State Bank of Capitol Hill, or was it the institution of a new and different bank?

The question whether the Capitol State Bank of Oklahoma City was legally incorporated or paid the fees required by law is a question in which plaintiff is not interested. If in fact said bank was not legally incorporated and is not a reorganization of the

State Bank of Capitol Hill, plaintiff's action must fail. The manner of reorganizing a bank under the laws of this state is prescribed by section 306, Rev. Laws 1910, under the authority of which a failed bank may be reorganized by complying with the following particulars: The stockholders must repair its credit, restore or substitute its reserve, and place it in condition so that it is qualified to do a general banking business as before it was taken possession of by the bank commissioner, and its credits and funds must be repaired in all respects, and all advances, if any, made from the depositor's guaranty fund must be fully paid before it is permitted again to reopen for business. When all of these conditions have been complied with the bank commissioner is authorized to issue a written permission for reopening said bank in the same manner as permission is granted to do business after original incorporation thereof. This section authorizes stockholders of the failed bank to comply with the conditions enumerated and to reorganize the insolvent institution. This right is not conferred directly or by implication upon any one else. None of the stockholders of the State Bank of Capitol Hill complied with any of the conditions stated. Neither did they surrender their stock to Bonner, Dennis, and Clark. The stock held by them was never canceled, but so far as the record is concerned is still in their hands. The charter of that bank was never taken up by the bank commissioner nor delivered to Bonner and his associates, nor is it, or has it ever been, in their possession. Clearly this was not a reorganization of the failed bank.

The conclusion here reached is not in conflict with the case of First State Bank of Oklahoma City v. Lee, 65 Okla. 280, 166 Pac. 186. In that case it was agreed that the First State Bank of Oklahoma City was the same institution as the First State Bank of Oklahoma City before it became insolvent. An assessment was made against the stockholders after its failure for 100 per cent. to repair its capital stock, which assessment was paid, and the stockholders transferred their stock to Menefee and his associates, who canceled same on the books of the corporation and issued new certificates in their place to themselves. The capital of the failed institution was repaired and the reserve substituted and the requirements of section 306 substantially complied with. In addition to this, the subject-matter of that action was the leasehold, which was sold to Menefee and his associates, and after its reorganization the bank occupied the

building for a period of time, paying the rent thereon according to the terms of the lease which had been executed by the bank prior to its insolvency. The facts are so dissimilar that a statement of them distinguishes the case from this. No assessment was made against the stockholders of the State Bank of Capitol Hill to restore or substitute its capital or reserve, or to place it in a solvent condition, and none of the stock was acquired by Bonner, Dennis, and Clark, being retained by the old stockholders. Upon this state of facts the law of the case is stated in the former appeal where it was said:

"It cannot be said that by virtue of the contract btween the bank commissioner and Bonner, Dennis, and associates and their action thereunder, a solvent institution arose, phoenix-like, from the ashes of the old defunct corporation, which became liable, not only for the amounts due the general depositors whom it agreed to pay, but also for the debts due to another class of creditors who were not entitled to participate in the proceeds derived from the sale of the assets, and who were excluded from payment by the purchasers of the assets by the express terms of the contract. In our judgment, the liability of Bonner, Dennis, and associates and of the new banking institution launched by them by permission of the state bank commissioner is limited by their agreement with the bank commissioner, and this agreement does not contemplate the payment by them, or the institution formed by them, of any of the debts of the old bank, except those mentioned in the contract, to wit, the claims of the general depositors."

The articles of incorporation filed by Bonner, Dennis, and Clark on April 26th were not amended articles of incorporation as contended, even though denominated as such. By virtue of section 1225, Rev. Laws 1910, amended articles of incorporation may be executed and an amended charter issued which when issued shall relate back and be considered and be a part of the original articles of incorporation to the same effect as if originally set forth therein, but in order to amend its articles of incorporation it is necessary for the new articles to be filed signed by all the directors and officers of the company. The mere fact that the paper executed was denominated "amended articles of incorporation" could not make it such unless executed in pursuance to the authority of section 1225, which was not done. None of the officers, directors, or stockholders of the State Bank of Capitol Hill were interested in or participated in the execution of the so-called amended articles of incorporation. This instrument was nothing more nor less than original articles of incorporation executed by persons who were strangers to or had no interest in or connection with the State Bank of Capitol Hill.

The judgment must be affirmed.

All the Justices concur.